# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08-CR-81-TLS |
| | ) | (1:11-CV-27-TLS) |
| JENNIFER K. HOWARD | ) | |

## OPINION AND ORDER

The Government indicted Jennifer K. Howard for access device fraud (Count 1), wire fraud (Count 2 ), mail fraud (Count 3), and aggravated identity theft (Count 4). A jury determined that she was guilty of all four counts, and the Court sentenced her to 42 months of imprisonment and 3 years supervised release, and ordered restitution in the amount of $39,511.28. On appeal, the Defendant argued that the Court erred in denying her motion for judgment of acquittal because there was insufficient evidence to convict her of wire fraud or mail fraud. In a published opinion, *United States v. Howard*, 619 F.3d 723 (7th Cir. 2010), the Seventh Circuit held that the Court properly denied the motion for judgment of acquittal.

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate or Set Aside Sentence, or in the Alternative, Reduce Sentence by a Person in Federal Custody [ECF No. 100]. The Government has filed a Response, and the Defendant's time for filing a reply has expired.

## DISCUSSION

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that

"constitutes a fundamental defect which results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

The Defendant seeks habeas relief on the following ground:

Counsel's unprofessional omissions deprived a criminal defendant of a substantive or procedural rights, or deprived her of a favorable downward adjustment or departure, or failed to prevent an improper upward adjustment, in the defendant's sentencing under the Sentencing Guidelines, relevant statutes, or Constitution, the defendant's sentence is in violation of the Sixth Amendment constitutional right to effective assistance of counsel.

(Mot. 2, ECF No. 100.)

Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of additional prevailing professional norms." *Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (internal quotation marks omitted). To prevail on a claim of ineffective assistance, a defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668 (1984). "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted). On the deficiency prong, the central question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). A court's review of counsel's performance is highly deferential, and the court presumes that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Strickland*, 466 U.S.

at 690, and "evaluate[s] [counsel's] performance as a whole rather than focus[ing] on a single failing or oversight," *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). A court also must take care not to evaluate counsel's performance with the benefit of hindsight: "In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, 131 S.Ct. 733, 741 (2011).

For the prejudice prong, a defendant must show there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome," and it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Instead, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Where it is expedient to do so, a court may resolve an ineffective assistance claim solely on the prejudice prong, because if the defendant cannot establish prejudice, there is no need to "grade" counsel's performance. *Id.* at 697.

The Defendant has made no attempt to specifically identify the acts or omissions of counsel that provide a basis for her claim of ineffective assistance of counsel. In *Strickland*, the Supreme Court placed the burden of identifying the "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" on the "convicted defendant making a claim of ineffective assistance." *Strickland*, 466 U.S. at 690; *see also George v. Smith*, 586 F.3d 479, 486 (7th Cir. 2009) (stating that the Supreme Court has "made clear that a habeas petitioner has an obligation to show [the court] why his counsel was

3

ineffective"). Only then can a court "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The Defendant claims that unidentified "omissions" deprived her of "substantive or procedural rights, or deprived her of a favorable downward adjustment or departure, or failed to prevent an improper upward adjustment" in her sentence. (Mot. 2). Based on the Defendant's reference to downward and upward adjustments in her sentence, the Court can surmise that she believes counsel's performance had an adverse impact on her sentence. However, she does not provide any detail regarding the preparation, investigation, argument, or evidence that she believes counsel neglected to pursue while representing her during the sentencing stage of her case. This failure to identify any acts or omissions precludes a determination whether these alleged acts or omissions were objectively unreasonable. In addition, a defendant "must '*affirmatively prove*' the prejudice prong of his *Strickland* claim and '*show* that [the errors] actually had an adverse effect on the defense.'" *George*, 586 F.3d at 485 (quoting *Strickland*, 466 U.S. at 689) (emphasis and brackets in original). The Defendant has failed to make a showing in support of either of the *Strickland* prongs.

For the sake of completeness, the Court notes her some of counsel's activity during his representation of the Defendant with regard to sentencing. First, the Defendant's counsel filed an objection with the probation officer to certain offense conduct contained in the Presentence Investigation Report (PSR), specifically to conduct that stated or implied that the Defendant applied for credit cards using her grandmother's personal identifying information without her grandmother's permission, knowledge, or consent. He also objected to the PSR's inclusion of a 2-level increase in the Defendant's offense level for willful obstruction of justice under U.S.S.G.

4

§ 3C1.1 on grounds that she testified falsely at trial. Additionally, the Defendant's counsel filed a Sentencing Memorandum with the Court requesting that the Defendant serve no term of imprisonment for Counts 1, 2, and 3, leaving only the statutorily mandated 24 months to be served for Count 4. Defense counsel's Memorandum addressed the background and characteristics of the Defendant and the circumstances of her offense in conjunction with the sentencing factors set forth in 18 U.S.C. § 3553(a). Finally, at her sentencing hearing, defense counsel presented a four-minute video to supplement the arguments he made on her behalf in favor of a variance.

The Court is hard-pressed to find any aspects of counsel's performance that could be characterized as "unprofessional omissions," as the Defendant claims. In an attempt to have her sentence reduced, defense counsel addressed numerous aspects of the nature and circumstances of the offense and her characteristics and background. The Defendant, through counsel, argued the she did not commit perjury. The Court disagreed, specifically identifying the wilful, false, and material statements that the Defendant made under oath during her trial. The Defendant does not identify what additional argument counsel could have made to influence or alter the Court's decision. The Defendant's counsel also identified mitigating factors and argued that § 3553(a) warranted a sentence below the advisory Guideline range for Counts 1, 2, and 3. The Court considered these arguments, but ultimately determined that a sentence at the low end of the advisory Guideline range was sufficient but not greater than necessary to meet the purposes of punishment. In doing so, the Court made the following observations: the fact that the loss did not threaten the financial viability of the institutions was not a mitigating factor so much as it was a lack of an aggravating factor; the offense was serious, in part, because the number of victims that

the Defendant defrauded demonstrated that hers was not an isolated crime of opportunity; the Defendant violated the trust of a benevolent family member in carrying out her scheme; a sentence outside the advisory guideline range, particularly one involving no term of imprisonment, would not be sufficient to promote respect for the law; and her family circumstances did not warrant a sentence outside the advisory Guideline range. The Defendant has not identified what additional mitigating factors her counsel could have brought to the Court's attention that would have a reasonable probability of changing her sentence.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El*

6

*v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here. The Defendant has not identified any acts or omissions of counsel, much less established that such acts or omissions had an adverse effect. Because there is nothing debatable about the Defendant's failure to support a Sixth Amendment ineffective assistance of counsel claim, the Court will deny a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate or Set Aside Sentence, or in the Alternative, Reduce Sentence by a Person in Federal Custody [ECF No. 100], and DENIES a certificate of appealability.

SO ORDERED on March 18, 2011.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT